

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 29, 1963

Mr. H. D. Dodgen
Secretary
Game and Fish Commission
Austin, Texas

Opinion No. C- 129

Re: Whether a person who
buys, unloads, handles,
and resells shrimp chan-
nelling all of his shrimp
to wholesalers is required
by virtue of H.B. 109,
58th Leg., to possess a
Shrimp House Operator's
License and related ques-
tions.

Dear Mr. Dodgen:

In your letter of July 8, 1963, you asked six
questions concerning House Bill No. 109 of the 58th Legisla-
ture, which amends the Texas Shrimp Conservation Act. The
portions of your letter dealing with the various questions
will be quoted and answered separately.

Question 1. "If a person buys, unloads,
handles and resells shrimp, channelling all
of his shrimp to a wholesaler, is he now re-
quired to have a Shrimp House Operator's
license?"

Section 3(i) of Article 4075b, Vernon's Civil
Statutes, as amended by House Bill No. 109, defines a
Shrimp House Operator as follows:

"(i) A 'Shrimp House Operator' as used
herein, means any person other than one who has
purchased a license as a 'Wholesale Fish Dealer'
as that term is defined by Section 1(b) of Chap-
ter 29, Forty-third Legislature of Texas, First
Called Session, 1933, who operates a shrimp house,
plant or other establishment for compensation or
profit for the purpose of unloading and handling
from commercial gulf shrimp boats or commercial

-638-

bay shrimp boats, fresh shrimp and other edible
aquatic products caught or taken from the coastal
waters of this State, or from salt waters outside
of this State and brought into this State without
having been previously unloaded in some other
state or foreign country." (Emphasis added).

Prior to the 1963 amendment of this section a
Shrimp House Operator was defined as one who unloaded and
handled shrimp "for pay." In construing this language At-
torney General's Opinion WW-1480 held that a person who per-
formed the acts described in the statutory definition for
profit was not a Shrimp House Operator, and not required to
be licensed. The 1963 amendment, by substituting the words
"for compensation or profit" in lieu of "for pay" now elimi-
nates this distinction and it is our opinion that a person
who engages in the activities described in your first question
falls within the statutory definition of a Shrimp House Operator
regardless of the particular method by which he is compensated
and must therefore obtain a license under the provisions of
Section 9 of House Bill No. 109, 58th Legislature, Regular Ses-
sion.

Question 2. "If a person buys shrimp and re-
sells it to retail fish dealers, cafes, and con-
sumers, is he required to have a wholesale Fish
Dealers license, or can he operate on a Shrimp
House Operator's license?"

A Wholesale Fish Dealer is defined by Section 1(b)
of Article 934a, Vernon's Penal Code as follows:

"A 'Wholesale Fish Dealer' is any person
engaged in the business of buying for the purpose
of selling, canning, preserving or processing, or
buying for the purpose of handling for shipments
or sale, fish or oysters or shrimp or other commer-
cial edible aquatic products, to Retail Fish Deal-
ers, and/or to Hotels, Restaurants, or Cafes and to
the Consumer." (Emphasis added).

The activities described in your second question
correspond to the above quoted statutory definition of a
Wholesale Fish Dealer. Section 3(£), quoted earlier, defines
a Shrimp House Operator as one who operates an establishment
". . .for the purpose of unloading, and handling from commercial
shrimp boats . . . fresh shrimp and other edible aquatic products.
. . ." This definition does not include such activities as re-
selling shrimp to fish dealers, cafes and consumers, and a person

engaging in such activities could not be licensed as a Shrimp House Operator, but would have to be licensed as a Wholesale Fish Dealer.  Although a Wholesale Fish Dealer is excluded from the definition of a "Shrimp House Operator" and cannot be licensed as such, we agree with your departmental construction that a Wholesale Fish Dealer is entitled to do any act which a Shrimp House Operator may do.  The Wholesale Fish Dealer can operate a Shrimp House, but is not a statutory "Shrimp House Operator."

Question 3.  "In view of the language of Section 10(a) and of the general scheme of separation, what is meant by the language found in Section 3(j), 'any person other than one who has purchased a license as a "Wholesale Fish Dealer" as that term is defined. . .'?  Does this language mean that a Bait-Shrimp Dealer's privileges are included in those of a Wholesale Fish Dealer, or does it mean that persons who are licensed as a Wholesale Fish Dealer are precluded from being Bait-Shrimp Dealers?"

Section 3(j) of Article 4075(b), as amended by House Bill 109, defines a 'Bait-Shrimp Dealer' as follows:

"(j)  A 'Bait Shrimp Dealer', as used herein, is any person other than one who has purchased a license as a 'Wholesale Fish Dealer' as that term is defined by Section 1(b) of Chapter 29, Forty-third Legislature of Texas, First Called Session, 1933, who operates an established place of business in any coastal county of this State for compensation or profit for the purpose of handling shrimp caught or taken for use as bait from the inside waters of this State."

The definition, by using the phrase ". . .other than one who has purchased a license as a 'Wholesale Fish Dealer' . . .," clearly excludes a person licensed as a Wholesale Fish Dealer from holding a license as a Bait Shrimp Dealer.

Although a Wholesale Fish Dealer is excluded from the definition of a "Bait Shrimp Dealer" and cannot be licensed as such, a Wholesale Fish Dealer is entitled to do any act which a "Bait-Shrimp Dealer" may do, except the Wholesale Fish Dealer cannot purchase bait shrimp from a "Bait Shrimp Boat Operator."  A Wholesale Fish Dealer may operate an established place of business in any coastal county for compensation or profit for the purpose of handling bait-shrimp, but

is not a statutory "Bait-Shrimp Dealer." The Wholesale
Fish Dealer cannot buy shrimp from a Bait-Shrimp Boat
Operator by virtue of Section 6(4) of the Act which reads
as follows:

> "It shall be unlawful for any bona
> fide commercial bait-shrimp boat operator,
> at any time, to sell or unload any shrimp
> caught under the provisions of this Act to
> any person except to a bona fide bait-shrimp
> dealer, as that term is herein defined, or
> except to a sports fisherman while operating
> a boat or vessel on the inside waters."
> (Emphasis added).

As the term "Bait-Shrimp Dealer" as defined in Section 3(j)
expressly excludes a person who has purchased a license as
a "Wholesale Fish Dealer," Section 6(4) makes it unlawful
for a Bait-Shrimp Boat Operator to sell or unload shrimp to
a Wholesale Fish Dealer.

> Question 4. "If you answer . . .that a
> Wholesale Fish Dealer is precluded from being
> a Bait-Shrimp Dealer, then can a Wholesale Fish
> Dealer lawfully buy bait shrimp from a Bait
> Shrimp Dealer (or can a Bait Shrimp Dealer
> lawfully sell bait shrimp to a Wholesale Fish
> Dealer)?"

In connection with this fourth question you state:

> "It is the desire of this Commission to
> have outlined in response to the fourth ques-
> tion the lawful and permissible channels of
> commerce in bait shrimp among the following:

> 1. Bait Shrimp Boat Operators,
> 2. Bait Shrimp Dealers,
> 3. Wholesale Fish Dealers,
> 4. Retail Fish Dealers, and
> 5. Any other categories of persons
>    necessary to a full clarification
>    of such commerce."

After a careful study of the entire Act, it is our
opinion that:

(1) A Bait-Shrimp Boat Operator can only sell
bait shrimp to a bona fide Bait-Shrimp Dealer or to a sports

fisherman while operating a boat or vessel on the inside waters. Section 6 (4).

(2) A Bait-Shrimp Dealer can sell bait shrimp to another Bait-Shrimp Dealer, a Wholesale Fish Dealer, a Retail Fish Dealer, and to a sports fisherman.

(3) A Wholesale Fish Dealer can sell bait shrimp to a Retail Fish Dealer, and to a sports fisherman, as he is a consumer of such shrimp.

(4) A Retail Fish Dealer can only sell bait shrimp to a sports fisherman, as Section 1 (c) of Article 934a of Vernon's Penal Code defines a Retail Fish Dealer as follows:

"(c) A "Retail Fish Dealer" is any person engaged in the business of buying for the purpose of selling either fresh or frozen edible aquatic products to the consumer."

By virtue of the proviso in Section 10(b) of the Act which reads as follows:

". . .provided, that any grocery stores in said coastal counties which do not unload or purchase shrimp directly from commercial bait-shrimp boats shall not be required to hold a Bait-Shrimp Dealer's License."

it is our opinion that grocery stores who do not unload or purchase shrimp directly from commercial bait-shrimp boats can become bait-shrimp dealers without securing a license.

Question 5. "Can any former conviction for a violation of Article 4075b suffice to support a prosecution for a second offense, or must the two offenses be of a similar nature?"

Section 13a of Article 4075b, as amended by House Bill 109, Vernon's Civil Statutes, provides as follows:

"Section 13. (a). Any person who shall violate any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction therefor shall be, for the first offense, fined not less than Fifty Dollars ($50) nor more than Two Hundred Dollars ($200) and, for the second offense, shall be fined not less than One Hundred Dollars ($100) nor more than

Five Hundred Dollars ($500) or be sentenced
to serve not less than ten (10) days nor more
than sixty (60) days in the county jail or
shall be punished by both such fine and im-
prisonment; and, for the third and all sub-
sequent offenses, shall be fined not less than
Five Hundred Dollars ($500) nor more than Two
Thousand Dollars ($2,000) and shall be con-
fined in the county jail for not less than
thirty (30) days nor more than six (6) months."

Section 13 states that a person "who violates any
provision of this Act shall be . . . for the first offense
. . . and for the second offense . . ., and for the third of-
fenses . . . ." Nowhere in the Act is there any indication
that the offenses must be of a similar nature. The obvious
legislative intent is to make any former convictions under the
Texas Shrimp Conservation Act sufficient to support a prosecu-
tion for  subsequent offenses, even though the former convic-
tions were had prior to the amendment of the Act by House Bill
109.

Question 6. "When a prosecution is com-
menced for a first offense, does jurisdiction
of such a case lie in Justice Court or a higher
court? In your answer, please explain the ef-
fect, if any, on Article 893, V.P.C. and opinions
of the Attorney General C-5 and C-36, made by
Section 13(d)."

The penalty provided for a conviction for a first
offense by House Bill No. 109 of the 58th Legislature is,
under the provisions of Article 13(a), V.C.S., not less than
fifty dollars nor more than two hundred dollars.

Article V, Section 19 of the Texas Constitution,
states:

"Justices of the Peace shall have juris-
diction on criminal matters of all cases when
the penalty or fine to be imposed by law may
not be more than two hundred dollars. . . ."

Section 13 of House Bill No. 109, 58th Legislature,
sets forth at length the criminal sanctions to be imposed upon
persons violating provisions of the Act, and are intended to be
exclusive. It is therefore not necessary to discuss either

Article 893, Vernon's Penal Code, or opinions of the Attorney General C-5 and C-36, as they have no application to Article 4075b, Vernon's Civil Statutes. We are therefore of the opinion that a prosecution for a first offense under the provisions of Article 4075b may be had in the Justice Court.

## S U M M A R Y

(1)   A person who buys, unloads, handles, and resells shrimp, channelling all of the shrimp to a wholesaler, is required to have a Shrimp House Operator's License under the provisions of the Texas Shrimp Conservation Act.

(2)   A person who buys shrimp and resells to retail fish dealers, cafes, and consumers, cannot operate under a Shrimp House Operator's License but must have a Wholesale Fish Dealers License.

(3)   A Bait-Shrimp Boat Operator can only sell bait shrimp to a bona fide Bait-Shrimp Dealer or to a sports fisherman while operating a boat or vessel on the inside waters.  Section 6 (4)

(4)   A Bait-Shrimp Dealer can sell bait shrimp to another Bait-Shrimp Dealer, a Wholesale Fish Dealer, a Retail Fish Dealer, and to a sports fisherman.

(5)   A Wholesale Fish Dealer can sell bait shrimp to a Retail Fish Dealer, and to a sports fisherman.

(6)   A Retail Fish Dealer can only sell bait shrimp to a sports fisherman.

(7)   Any former convictions for a violation of the Texas Shrimp Conservation Act is sufficient to support a prosecution for subsequent offenses under Section 13(a) of the Act, even though the former convictions were had prior to the amendment of the Act by House Bill No. 109.

(8)   The Justice of the Peace Court has jurisdiction for prosecution for a first offense for violation of the Texas Shrimp Conservation Act.

Mr. H. D. Dodgen, page 8 (C- 129 )

Very truly yours,

WAGGONER CARR
Attorney General

By: I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
V. F. Taylor
Murray Jordon
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone